EDWARDS, Judge.
Mickey Construction Company was general contractor for the construction of a library and gymnasium, and renovation of an existing school building, for the Terre-bonne Parish School Board. Curtis Berger-on entered into two contracts with Mickey, one for the installation of acoustical ceiling tiles and the other for the installation of floor tiles. Bergeron’s contracts (entered June 24,1976) stipulated that this work was to be completed no later than June 30,1977. Bergeron purchased the materials necessary to perform the contracts from Conwed Corporation, and they were delivered to the construction site.
Bergeron breached his contracts in two respects: 1) he never provided samples of materials as required by the contracts, and 2) he continually failed to supply a sufficient number of personnel to the construction site, causing delays for the other subcontractors. After a number of warnings relative to lack of sufficient manpower and slow progress, Mickey placed Bergeron in default. Mickey invoked a contractual provision which allowed it to confiscate all materials which the subcontractor placed on the work site in order to complete his work. Mickey hired other subcontractors to finish Bergeron’s portion of the project.
This action originally arose as a suit by Conwed Corporation against Bergeron for the price of the materials supplied by Conwed. Bergeron filed a third party demand against Mickey Construction Company to recover the cost of materials which were incorporated, into the buildings.
The trial court rendered judgment for Conwed and against Bergeron in the amount of $10,347.68 plus interest and at- *1128 tomey fees. On the third party demand, judgment was rendered for Bergeron and against Mickey for the same amount. Mickey’s motion for a new trial (on the grounds of mental, emotional and physical illness of counsel) was granted.
After a new trial of the third party demand, the district court awarded Bergeron $5,899.57. Damages were calculated pursuant to Article VII of the contracts. This provision gave the contractor (Mickey) the right to step in and complete any work which the subcontractor (Bergeron) failed to do. It further provided that the expenses incurred by the contractor in finishing the work were to be deducted from the contract price and the remainder paid to the subcontractor. Bergeron was to receive $35,678.00 for both contracts. He had already been paid $15,425.00, leaving a balance due of $20,253.00. Mickey proved expenses of $14,353.43 in completing Berger-on’s work. Bergeron was entitled to the remainder, $5,899.57.
Mickey’s claim for liquidated delay damages was rejected. Article VI of each contract stipulated damages of $50.00 for each day that the contract was in default after June 30, 1977. The trial judge stated that Mickey had failed to prove the date upon which Bergeron’s portion of the work was ultimately finished. The court held that Mickey’s failure to furnish precise evidence as to the number of days delay caused by Bergeron’s breach precluded an award of liquidated damages.
Mickey has appealed. It contends that the trial court erred in failing to award liquidated damages for the delay caused by Bergeron’s breach of the contracts. Mickey asserts that the evidence establishes that it is entitled to delay damages for at least a thirty day period.
Our review of the record does not support Mickey’s contention. Work progress reports introduced into evidence show that work on the acoustical ceiling tile took place almost every day in July and into early August. These same records indicate that floor tile work was performed in the new gymnasium as late as September. However, these reports contain no indication as to the amount or nature of the work which was performed on these days.
No testimony was adduced by Mickey to pinpoint how long it took to complete Ber-geron’s portion of the job. All of the testimony presented by Mickey which dealt with the work performed after Bergeron’s dismissal was concerned with the expenses incurred by Mickey Construction Company in completing the work. The trial court was correct in its conclusion that Mickey did not carry its burden of proving a specific number of days delay for liquidated damages purposes.
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are to be paid by the appellant, Mickey Construction Company.
AFFIRMED.